THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COM-
PANY v. LOST SPRINGS LODGE NO. 494, INDEPENDENT
ORDER OF ODD FELLOWS.

No. 14,658.    (85 Pac. 803.)

1. DAMAGES—*Injury by Fire—Instructions—Immaterial Error.*
In an action to recover for injury by a fire it was said that
under the circumstances and the instructions given material
error was not shown by the refusal to give an instruction
that if plaintiff allowed dry grass to remain on its premises,
so that fire could readily start therein, it should be considered
as a circumstance tending to prove contributory negligence.

2. PRACTICE, DISTRICT COURT—*Special Questions—Form.* It was
said that propounding special questions in a negative and
leading form justified their rejection.

3. PRACTICE, SUPREME COURT—*Instruction Broadening Issues—
Special Finding.* It was held immaterial whether an instruc-
tion broadened the issues with regard to the character of de-
fendant's negligence, the jury having specially found the ex-
istence of a form of negligence alleged in the petition.

Error from Marion district court; R. L. KING, judge.
Opinion filed June 9, 1906.   Affirmed.

*M. A. Low, W. F. Evans,* and *Paul E. Walker,* for
plaintiff in error.

*C. M. Clark,* for defendant in error.

*Per Curiam:* An Odd Fellows lodge owning a ceme-
tery, the trees in which were injured by a fire, sued the
Chicago, Rock Island & Pacific Railway Company for
the amount of damage so occasioned, alleging that the
fire was caused by the company's negligence, and re-
covered a judgment, from which the defendant prose-
cutes error.

Complaint is made of the refusal to give an instruc-
tion requested by the defendant to the effect that if
the plaintiff allowed dry grass and weeds to remain on
its premises, so that fire could readily start therein,
that should be considered as a circumstance tending to
prove contributory negligence.   There was some evi-

dence of the accumulation of combustible material in the cemetery and the court might well have given an instruction referring expressly to that matter. This was not done, but the jury were told in general terms that any contributory negligence of plaintiff—any negligence in its management and control of the cemetery by reason of which the fire was communicated thereto —would bar a recovery. There was no suggestion that the plaintiff could have been negligent in any way affecting the case except by permitting the accumulations referred to, and the jury must have understood the instructions to relate to this feature of the evidence. Under the circumstances it cannot be said that material error in this regard is shown.

Error is also assigned on account of the refusal to submit to the jury a number of questions for special findings. All but two of these questions were propounded in a negative and leading form, a fact which of itself justified the court in rejecting them. (*A. T. & S. F. Rld. Co. v. Butler*, 56 Kan. 433, 43 Pac. 767.) The two exceptional instances were rendered unimportant by a finding that was made in answer to another question.

Complaint is further made that the instructions broadened the issues presented by the pleadings with regard to the character of the negligence charged against the defendant. This is immaterial, if true, for the jury specially found the existence of a form of negligence that was alleged in the petition.

The judgment is affirmed.